UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STATE OF SOUITH DAKOTA, BY AND THROUGH ITS BOARD OF REGENTS, | : : : : | |
| Plaintiff, | : : | Case No. 14-4107 |
| vs. | : : | |
| JUNEAU CONSTRUCTION COMPANY, LLC, A FOREIGN CORPORATION AND CARLISLE INSULATION, INC., A FOREIGN CORPORATION, | : : : : : : : | ANSWER AND AFFIRMATIVE DEFENSES OF THIRD PARTY DEFENDANT AMBLING UNIVERSITY DEVELOPMENT GROUP, LLC |
| Defendants. | : : | |
| CARLISLE INSULATION, INC., | : : | |
| Cross Claimant, | : : | |
| vs. | : : | |
| JUNEAU CONSTRUCTION COMPANY, LLC, | : : : | |
| Cross Claim Defendant. | : : | |
| CARLISLE INSULATION, INC., | : : | |
| Third Party Plaintiff, | : : | |
| vs. | : : | |
| AMBLING UNIVERSITY DEVELOPMENT GROUP, LLC, | : : : | |
| Third Party Defendant. | : : | |

COMES NOW Ambling University Development Group, LLC (referred to herein as "Ambling"), a Third Party Defendant in the above-styled civil action, by and through counsel and files its Answer and Affirmative Defenses to the Third Party Complaint (referred to herein as the "Complaint") filed by Third Party Plaintiff Carlisle Insulation, Inc. (referred to herein as "Carlisle"), respectfully showing the Court as follows:

### FIRST DEFENSE

Ambling moves to dismiss Carlisle's Complaint on the grounds that it fails to state a claim against Ambling upon which relief can be granted.

### SECOND DEFENSE

Ambling moves to dismiss Carlisle's Complaint on the grounds that Ambling is not a proper party to this action, as it neither contracted with any parties to the above-styled action with respect to the design or construction of the Coyote Village Residential Life Complex nor owed any parties to the above-styled action any duty with respect to such design or construction.

### THIRD DEFENSE

Carlisle's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, laches and/or unclean hands.

### FOURTH DEFENSE

To the extent Carlisle alleges Ambling has any obligation or duty as to which full performance has not been rendered or excused, not all conditions precedent to said obligations or duties have occurred or been waived or otherwise excused.

### FIFTH DEFENSE

Ambling is not liable to Carlisle or any other parties to the above-styled case because Ambling breached no duty owed to Carlisle or any other parties to the above-styled case with

regards to the occurrences giving rise to the Complaint filed in this action by the State of South Dakota, by and through its Board of Regents, and Carlisle's Complaint.  Ambling denies that it was negligent in any way in connection with the incident which is the subject of this litigation.

## SIXTH DEFENSE

Ambling denies it proximately caused any of the damages claimed by Carlisle, the State of South Dakota, by and through its Board of Regents, or any other parties to the above-styled case.

## SEVENTH DEFENSE

The incident giving rise to the Complaint filed in this action by the State of South Dakota, by and through its Board of Regents, and Carlisle's Complaint was solely caused by the acts or omissions of persons or entities other than Ambling and over whom Ambling had no control.

## EIGHTH DEFENSE

Any alleged damages suffered by Carlisle, the existence of such injury or damages are hereby specifically denied, were caused by Carlisle's own actions and/or omissions.

## NINTH DEFENSE

Any recovery by any party to the above-styled action must be set off or reduced, abated, or apportioned to the extent that the party's own actions caused or contributed to damages, if any there were.

## TENTH DEFENSE

There may be a lack of joinder of one or more parties who should or must be joined, and, without the joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action.

**ELEVENTH DEFENSE**

Ambling moves to dismiss Carlisle's Complaint for lack of personal jurisdiction and improper venue.

**TWELFTH DEFENSE**

At all times relevant hereto, Ambling acted in good faith in accordance with reasonable business practices.

**THIRTEENTH DEFENSE**

Except as specifically admitted herein, each and every allegation contained in Carlisle's Complaint is expressly denied.

**FOURTEENTH DEFENSE**

Ambling hereby expressly reserves the right to assert additional affirmative defenses that may become known or apparent through discovery or otherwise are supported by the evidence.

**FIFTEENTH DEFENSE**

Specifically responding to the enumerated paragraphs of Carlisle's Complaint, Ambling shows the Court as follows:

1.

Ambling admits the allegations contained in Paragraph 1 of Carlisle's Complaint.

2.

Ambling denies the allegations contained in Paragraph 2 of Carlisle's Complaint. By way of further answer, on information and belief, the State of South Dakota, by and through its Board of Regents, contracted with AUDG Coyotes, LLC as the design-builder for the Project referenced in Paragraph 2 of Carlisle's Complaint.

3.

Ambling denies the allegations contained in Paragraph 3 of Carlisle's Complaint.

4.

The initial Complaint filed in this action by the State of South Dakota, by and through its Board of Regents, speaks for itself and is the highest and best evidence of its contents. Accordingly, except as specifically stated herein, Ambling denies the allegations contained in Paragraph 4 of Carlisle's Complaint.

5.

The initial Complaint filed in this action by the State of South Dakota, by and through its Board of Regents, speaks for itself and is the highest and best evidence of its contents. Accordingly, except as specifically stated herein, Ambling denies the allegations contained in Paragraph 5 of Carlisle's Complaint.

6.

Ambling denies the allegations contained in Paragraph 6 of Carlisle's Complaint.

7.

Ambling denies the allegations contained in Paragraph 7 of Carlisle's Complaint.

8.

Ambling denies the allegations contained in Paragraph 8 of Carlisle's Complaint.

9.

Ambling denies each and every allegation or claim set forth in Carlisle's prayer for relief.

10.

Except as specifically admitted above, Ambling denies all other allegations of Carlisle's Complaint.

WHEREFORE, Ambling prays as follows:

(a) That the Court enter judgment in favor of Ambling and against Carlisle on all claims contained in Carlisle's Complaint, and Carlisle's Complaint be dismissed with prejudice;

(b) That the costs of this action be cast upon Carlisle, and Ambling recover from Carlisle its reasonable attorney fees; and

(c) For such other and further relief as the Court deems just and proper.

**Ambling University Development Group, LLC demands a jury trial.**

Respectfully submitted this 18th day of September, 2014.

CUTLER & DONAHOE, LLP

*/s/ Joseph M. Dylla*
Joseph M. Dylla

P.O. Box 1400
Sioux Falls, SD 57101-1400
(605) 335-4950 (p)
(605) 335-4961 (f)
josephd@cutlerlawfirm.com

COLEMAN TALLEY LLP

*/s/ C. Hansell Watt, IV*
C. Hansell Watt, IV
Georgia Bar No. 140885
(*pro hac vice* application pending*)*

910 N. Patterson Street
Valdosta, GA 31601
(229) 242-7562 (p)
(229) 333-0885 (f)
hansell.watt@colemantalley.com

*Attorneys for Ambling University Development Group, LLC*

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the foregoing *ANSWER AND AFFIRMATIVE DEFENSES OF THIRD PARTY DEFENDANT AMBLING UNIVERSITY DEVELOPMENT GROUP, LLC* to the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record in this matter.

This 18th day of September, 2014.

                                               */s/ Joseph M. Dylla*
                                               Joseph M. Dylla